IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05 C 5189 |
| | ) |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF ILLINOIS, JENNIFER | ) |
| BLOOM, JAMES SLAUCH, KIM | ) |
| SCHUTTERLE, LEIGH SAINT-LOUIS, | ) |
| BRADFORD SCHWARTZ, DIXIE WHITT, | ) |
| RICHARD GUMPORT, WILLIAM | ) |
| MARSHALL, DOUGLAS RHONE, and | ) |
| UMA SEKAR, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

John Doe, a former M.D./Ph.D. student at the University of Illinois' Urbana campus, sued the Board of Trustees and several University administrators, instructors, and students for violations of his federal and state rights. On April 20, 2006, the Court dismissed some of Doe's claims but declined to dismiss certain of his claims against certain defendants under the Americans with Disabilities Act, the Rehabilitation Act, and the Equal Protection Clause.[1] *Doe v. Bd. of Trustees of Univ. of Ill.*, 429 F. Supp. 2d 930, 945 (N.D. Ill. 2006). The remaining

---

[1] In its prior decision, the Court noted that "[i]t is at least conceivable that Doe may be able to advance a claim against the University under section 504 of the Rehabilitation Act." *Doe*, 429 F. Supp. 2d at 939 n. 2. Since the Court's ruling, however, Doe has not sought leave to amend his complaint to add a claim under Rehabilitation Act. For this reason, the University is not a party to this lawsuit at this time.

1

defendants now seek transfer of the case to the Central District of Illinois. *See* 28 U.S.C. § 1404. For the reasons discussed below, the Court grants the motion.

**Discussion**

Section 1404 provides that a district court may transfer a case to any other district in which it could have been brought so long as transfer serves the convenience of the parties and witnesses and the interest of justice. 28 U.S.C. § 1404. "The movant ... has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The parties agree that venue is appropriate in either this district or the Central District. The Court therefore focuses discussion on the remaining two criteria: the convenience of the parties and witnesses and the interest of justice.

At the outset, however, we address Doe's overarching claim that intrastate transfers of venue are inappropriate. This is patently inaccurate: judges in this district regularly grant transfers of venue to other districts in Illinois. *See, e.g., Petersen v. Union Pac. R.R. Co.*, Nos. 04 C 5918, 04 C 5949, 04 C 6032, 05 C 6263, 2006 WL 1049715, at *5 (N.D. Ill. Apr. 19, 2005) (Northern District to Central District); *Restaino v. Ill. State Police*, No. 04 C 2582, 2004 WL 1977536, at *4 (N.D. Ill. Aug. 31, 2004) (same). Doe has offered no legal basis why the existence or non-existence of a state border should have any bearing on the analysis under a statute that unambiguously allows transfer to "any other district."

1.      **Convenience of the parties and witnesses**

The Court considers five factors in determining whether transferring the case would serve the convenience of the parties and witnesses: the plaintiff's choice of forum; the situs of material

2

events; the relative ease of access to sources of proof; the convenience of the parties; and the convenience of the witnesses. *See, e.g., Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).

Courts normally defer to the plaintiff's choice of forum. *Fed. Deposit Ins. Co. v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979). Doe's choice of forum is not entitled to significant deference, however, because he lives outside the district in San Diego, California, *see So-Comm, Inc. v. Reynolds*, 607 F. Supp. 663, 666 (N.D. Ill. 1985), and because most of the activity alleged in the complaint occurred outside this district, in the Champaign-Urbana area. *See D'Ancona & Pflaum LLC v. M2 Software, Inc.*, No. 00 C 7150, 2001 WL 873021, at *2 (N.D. Ill. Aug. 2, 2001). For these reasons, the Court simply treats Doe's choice of forum as one factor in determining whether to transfer the case.

In this case, the situs of the material events favors transfer. Doe alleges that over the course of two years, University administrators, faculty, and students discriminated against him and denied him reasonable accommodations for his disabilities. Compl. ¶¶ 17-120. Almost every act of discrimination alleged in the complaint occurred in the Champaign-Urbana area. In fact, Doe points to only one significant event – the final decision to terminate him from the program – that arguably occurred in Chicago (the meeting in which the decision was made occurred via videoteleconference, with the decisionmakers participating from various sites, including Chicago). Without more, however, the Court cannot say that Chicago is the situs, or even a significant focus, of the material events in this case.

The convenience of the parties also favors transfer. Except for Doe, all of the parties live in the Champaign-Urbana area. The defendants argue that it is unreasonable to require them to

3

travel 280 miles, the round trip distance between Champaign and Chicago, when they are required to come to court. Doe attempts to minimize the inconvenience to the defendants, but his arguments are unconvincing. If the case goes to trial, each of the defendants will have to drive at least two and one-half hours each way and will have to stay in Chicago overnight. There is no question that trying the case in this district will pose a serious inconvenience to the defendants.

That said, the Court will not transfer a case under circumstances that "will merely shift the inconvenience from one party to the other." *See Chem. Waste Mgmt., Inc. v. Sims*, 870 F. Supp. 870, 877 (N.D. Ill. 1994). That, however, is not the case here. Doe resides in San Diego, California. Regardless of whether the Court transfers the case or maintains it here, Doe must incur the inconvenience of traveling to Illinois for court appearances. Doe does not argue that traveling to Urbana, the site of the proposed transferee division, would cause him any more inconvenience than traveling to Chicago. For these reasons, the Court finds that the convenience of the parties weighs in favor of transfer.

Finally, the convenience of the witnesses favors transfer. In determining whether a transfer will serve the convenience of the witnesses, the Court must consider the number of witnesses located in each of the potential fora and "the nature, quality and importance of their testimony." *See Gelco Corp. v. Major Chevrolet, Inc.*, No. 01 C 9719, 2002 WL 31427027, at *5 (N.D. Ill. Oct. 30, 2002). Of the twenty-eight witnesses identified by the parties, thirteen are located in the Champaign-Urbana area, three are located in Chicago, and the rest reside outside the Northern and Central Districts. Def. Mem., Exs. 2-4. Doe does not dispute that the witnesses in the Champaign-Urbana area are the most likely sources of material information. He argues, however, that traveling from that area to Chicago will not impose a significant inconvenience,

4

and that even if it will, the Court should disregard any such inconvenience because the witnesses in question are effectively employees of a corporate party, specifically, the University. *See Millenium Prods., Inc. v. Gravity Boarding Co., Inc.*, 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000). The Court rejects Doe's first argument for the same reason we rejected it with regard to the parties. Doe's alternative argument simply does not apply to this case. It is true that "the convenience of witnesses who are employees of a corporate party is less significant than that of non-party witnesses." *See id*. In this case, however, the University, which is the employer of most of the witnesses in the Champaign-Urbana area, is no longer a party to this lawsuit. For these reasons, the Court finds that the convenience of the witnesses favors transfer.

In sum, despite Doe's choice of forum, the convenience of the parties and witnesses overwhelmingly favors transfer.

### 2. The interests of justice

"The 'interest of justice' analysis relates [] to the efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey*, 796 F.2d at 221. In ascertaining whether a transfer is in the interest of justice, the Court consider such factors as the familiarity of the judge with the applicable case law, the speed with which the case will reach trial, and the relationship of the parties and the claims to the potential fora. *See, e.g., Gelco Corp. v. Major Chevrolet, Inc.*, 2002 WL 31427027, at * 6-7. The defendants concede that the judges in both the Northern and Central Districts are equally familiar with the law applicable to this case, but they contend that the Central District is the preferable forum because it has a less congested docket and a greater interest in the outcome of this case.

Doe does not respond to these arguments. Instead, he simply asserts that a transfer will

5

stall justice because discovery is under way and the Court has set various deadlines for completing discovery and filing dispositive motions. Doe provides no basis, however, for the Court to find that a transfer will prevent the parties from litigating this case in an expeditious manner. The Court therefore declines to consider this argument.

The Court concludes that transfer is in the interest of justice. In arriving at this conclusion, the Court relies on the fact that the Central District has a greater interest in the outcome of this case. The Court recognizes that all of the residents of Illinois likely have an interest in ensuring that state-run educational facilities abide by federal anti-discrimination laws. As the district housing the University's Urbana campus, however, the Central District has a stronger interest in adjudicating claims that originated there. For this reason, it is the more appropriate venue for this lawsuit.

## Conclusion

The Court concludes that transferring the case to the Central District of Illinois would serve the convenience of the parties and witnesses and the interest of justice. For this reason, the Court grants the defendants' motion to transfer venue pursuant to section 1404 [docket no. 82]. The Clerk is directed to transmit the records and files of this case to the Central District of Illinois, Urbana Division.

                                                                    MATTHEW F. KENNELLY
                                                                    United States District Judge

Date: September 25, 2006